KNEVALS v. PRINCE et al.

*(Supreme Court, General Term, Second Department.   July 18, 1890.)*

CONSTRUCTION OF WILLS—PARTITION AMONG DEVISEES.
    A testatrix directed all of her real estate to be divided in two equal portions, one
    of which she devised absolutely to her son, and the other to her daughter, to be
    kept intact, and to be used and enjoyed by her during her life, and to be left and
    divided among her children in such manner as she should direct.   Soon after the
    death of the testatrix, the executors, who were also the devisees, made a formal

division of the realty, which was assented to, and executed by them, both as executors and as individuals, and possession of the respective shares was delivered. *Held*, that the division vested in the son the fee of that portion allotted to him.

Case submitted on agreed statement.

The case submitted is as follows: Charlotte G. Prince directed by her will that all of her real estate be divided into two equal portions, one of which she devised absolutely to her son L. B. Prince, and the other to her daughter Charlotte C. Henry, for life, "it being the intent of this provision of my will that the portion of my real estate herein given to my said daughter shall be used and enjoyed by her during her life-time, but that the same shall be kept intact for her children, and shall be left and divided between and among them in such manner as she may determine and direct, and to their heirs and assigns, forever. At the time of testatrix's death her daughter Charlotte C. Henry had three children, all grown. Part of the real estate devised consisted of 29 lots in the village of Flushing, which the devisees, L. B. Prince and Charlotte C. Henry, jointly contracted to convey to Caleb B. Knevals. Subsequently the executors, who were also the devisees, made a division of the real estate, and assigned the 29 lots to L. B. Prince. This division was agreed to, and executed by the devisees individually, and possession of the lots was given to L. B. Prince. The children of Charlotte C. Henry agreed to and acquiesced in the division, and are ready to execute any deeds necessary to confirm the partition, or to execute any conveyances required to give the vendee of the 29 lots a clear title. L. B. Prince is ready to convey the lots by warranty deed, but Caleb B. Knevals refuses to accept the title, on the ground that the title is not good.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

*Knevals & Perry*, (*James W. Perry*, of counsel,) for plaintiff.    *Calvin D. Van Name*, for defendants.

PRATT, J.    It is expressly conceded that no other children will be born to Mrs. Henry; therefore any question that might arise from the happening of such an event is eliminated from inquiry. There is nothing in the will of Mrs. Prince to indicate that she did not intend L. Bradford Prince to have the benefit of the devise to him until after the death of Charlotte. On the other hand, the intent is plain that she desired the real estate to be divided immediately after her death, and such division has been had, and is satisfactory to all parties interested, and must be regarded as binding, especially after the children of Mrs Henry all join in a conveyance. The expression of the will, "that the same shall be kept intact," applies only to the share of Mrs Henry. It follows that the fee of the 29 lots in question is vested in L. B. Prince, and he can convey a good title thereto with a release from Mrs. Henry and all her children. It is true that each of the children have an interest in the real estate left by Mrs. Prince, and the same has not been specifically determined; but they all offer to release whatever interest or right they have or may have under the will, and such a conveyance, if good upon no other ground, would operate as an estoppel, in case such release shall be drawn in form as a warranty for the 29 lots in question. But, irrespective of these questions, we think the division of the real estate was effectual, and that the plaintiff will obtain a good title. All concur.